UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GARDNER,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY,<br><br>       Defendant. | Case No. 18-cv-07784-VC<br><br>**ORDER RECONSIDERING RULING GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

  Previously the Court granted Gardner's motion for leave to amend his complaint to assert a POBRA claim. Dkt. No. 51. The City argued that amendment would be futile because the claim was barred by the statute of limitations and because Gardner did not adequately allege a POBRA violation in any event. The Court granted the motion for leave to amend with the understanding that the City would be able to assert its arguments regarding the statute of limitations and the merits at summary judgment, which was imminent.

  Even then, it was a close question whether to grant Gardner's motion to amend. The motion was filed very late in the case, and there were serious questions about whether Gardner had been diligent. However, at the time, both parties seemed to agree that the POBRA claim would not meaningfully expand the litigation.

  Now, at summary judgment, several additional concerns have arisen and caused the Court to reconsider its prior ruling allowing Gardner to amend. First, it became clear that the facts relevant to the POBRA claim sit at the very fringes of the common nucleus of fact underlying the FEHA and Rehabilitation Act claims. Second, the statute of limitations question will likely require a separate bench trial, meaning that addition of the POBRA claim will indeed greatly

expand the proceedings—perhaps even to the point of requiring the testimony of witnesses who would not have been involved in a jury trial on Gardner's discrimination and retaliation claims. Had the Court been aware of this possibility, it would not have granted the motion in the first place, given how late in the case the motion was brought, and given the strong likelihood that Gardner was aware of the facts giving rise to the claim long before he filed the motion. The City will likely be prejudiced by having to litigate, in a separate trial where the plaintiff seeks different relief, a claim that differs in both operative facts and theory from the claims in Gardner's original complaint. *Cf. Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Moreover, it turns out that the POBRA claim raises a difficult issue of state law that the California courts have not yet addressed directly, the resolution of which could have a significant effect on how law enforcement agencies in California make their promotion decisions. *Compare Poole v. Orange County Fire Authority*, 61 Cal.4th 1378 (Cal. 2015) *with Brutsch v. City of Los Angeles*, 3 Cal.App.4th 354 (Cal. App. 1992). That issue is better decided by the state courts, and thus is a further reason the Court should have, in its discretion, denied the motion to add the POBRA claim.

For all these reasons, the Court has reconsidered its prior ruling granting the motion to add the POBRA claim, and that motion is now denied. Of course, denial is without prejudice to Gardner's ability to pursue the POBRA claim for injunctive relief in state court, to the extent there is no independent bar to his doing so. The prior iteration of the complaint will be operative for the remainder of this case.

**IT IS SO ORDERED.**

Dated: December 14, 2020

VINCE CHHABRIA
United States District Judge