UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GARDNER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY,<br><br>　　　　　Defendant. | Case No.  18-cv-07784-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 47, 48 |

The City's motion for summary judgment is denied as to Gardner's age discrimination claims for the 2016 and 2017 promotion processes but granted as to all other claims.

With respect to the age discrimination claims for 2016 and 2017, whether Gardner has identified enough evidence of age bias to survive summary judgment is a close question. The negative feedback provided in the roundtable comments show that command staff had consistent and significant concerns about Gardner's attitude and on-the-ground experience. It is therefore somewhat difficult to conclude that a reasonable jury would see age bias as the but-for cause of the decisions not to promote him. Nevertheless, reviewing the record in its totality, there are too many questions of credibility and judgment to allow the Court to block these claims from going to trial. Gardner has identified multiple age-based jokes and comments from multiple people, some of whom were directly involved in the promotion process. *See Reid v. Google*, 50 Cal.4th 512, 545 (Cal. 2010). The City concedes that in the years Gardner was considered for promotion, the Department did not promote a single officer older than he was. Moreover, the record reflects that the Department considered Gardner to be qualified for the job of sergeant, and there is an argument that he was at least as qualified as some of those who were promoted. He has received

a strong performance review and positive comments from some department members (though a jury might give minimal weight to the comments made by Gardner's friends). And the investigator the City hired to review Gardner's internal complaint found that there was some evidence to support his age discrimination claims for 2016 and 2017, although the investigator ultimately concluded that the evidence was not sufficient to support a finding of discrimination by a preponderance of the evidence. The City's own investigator having effectively concluded that a genuine fact issue exists regarding these claims, it would be difficult to conclude that a trial is not warranted.

However, all of Gardner's FEHA and Retaliation Act claims as to the 2014 roundtable process are time barred. Even though time was tolled during the internal investigation, Gardner filed his DFEH complaint more than one year after the 2014 promotion list expired. Cal. Gov. Code § 12960(d). Because the decision not to promote Gardner during that cycle became permanent when the list expired, the continuing violation doctrine does not apply. *See Maridon v. Comcast Cable Communications Management*, 2013 WL 1786592, at *13 (N.D. Cal. Apr. 25, 2013) (discussing *Morgan v. Regents of the University of California*, 88 Cal.App.4th 52, 67 (Cal. App. 2000)). His age discrimination claims therefore survive only as to the 2016 and 2017 promotion processes.

For his retaliation and disability discrimination claims relating to 2016 and 2017, Gardner did not identify any evidence creating a triable issue of fact. To the extent that any comments made during the promotion process could be construed as a reference to his prior lawsuit, those comments were limited to the 2014 roundtable. As for the comments made outside the promotion process, they are fewer and far more innocuous than were the comments about age. And none of those comments referenced the shoulder injury for which Gardner had originally gone out on leave. Without something more, there is no material question as to whether disability discrimination or retaliation were the "real reasons" for the City's decisions not to promote Gardner. Indeed, it's unlikely that Gardner has made a prima facie case for disability discrimination, and at least unclear whether he has made one for retaliation; certainly he has not

2

presented evidence that the Department's reasons for passing him over are a pretext for harassment or disability discrimination. *Anderson v. City and County of San Francisco*, 169 F.Supp.3d 995, 1024 (N.D. Cal. 2016) (citing *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 (9th Cir. 2002)).

 Finally, the City's motion to seal is granted in part and denied in part. The City is ordered to re-file Exhibit H to the Bond Declaration (Dkt. No. 47-8) on the public docket with only personal contact information redacted. The motion is granted as to the remaining documents.

 **IT IS SO ORDERED.**

Dated: December 16, 2020

VINCE CHHABRIA
United States District Judge