UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GARDNER,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF BERKELEY,<br><br>          Defendant. | Case No.  18-cv-07784-VC<br><br>**RULINGS ON MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 81, 82, 83, 84, 85 |

This order summarizes the Court's rulings on the City's motions in limine. As a reminder, a ruling on a motion on limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

1. The motion to exclude testimony constituting legal conclusions is denied because it calls for a blanket ruling that cannot be made on the current record. One witness statement cited in the motion—that another person's comments "amounted to a violation of workplace harassment policy"—is inadmissible under Rule 403 because the officer making the statement lacks the expertise and authority to reach that conclusion. But other statements, particularly statements about Gardner's qualifications relative to other candidates, may well be relevant and admissible so long as Gardner can establish a proper foundation for each piece of testimony, including that the person testifying has adequate personal knowledge and that there is a sufficient nexus between the testimony and the decision-making on promotions. As discussed at the pretrial conference, Gardner must prepare an offer of proof that identifies any witnesses who would testify that Gardner was more qualified than a given candidate who was promoted and describes the proposed testimony with specificity, and the parties must meet and confer in an effort to resolve their disagreements as to whether that testimony is admissible. Any disputes that remain

unresolved must be presented to the Court in a joint filing seven days before the further pretrial conference scheduled for May 13.

2. The motion to exclude evidence regarding the dismissed claims and Gardner's prior lawsuit and settled claims is granted. The parties agree that, to avoid rehashing a case that has already been resolved, the Court should read a statement summarizing Gardner's prior employment with and reinstatement to the Berkeley Police Department (to be finalized at the May 13 conference). As was discussed at the pretrial conference, the statement will be modeled on Gardner's proposal at page 3 of his opposition brief (Dkt. No. 82), with the addition of the date Gardner first sought reinstatement after he was medically cleared and the removal of the phrase "and was eligible to promote if Plaintiff passed the sergeant test." All references to "Plaintiff" will be changed to "Gardner." Any further wording changes may be proposed at the further pretrial conference.

In light of some of the statements by Gardner's counsel at the pretrial conference, it is worth emphasizing that evidence provided at summary judgment in support of claims for which judgment was granted will not be admissible at trial unless Gardner can show a nexus to the remaining age discrimination claims. (For example, Gardner's counsel discussed a statement made by a member of the Department to Gardner about going back out on disability leave, even though there is no obvious basis for admitting this statement given the entry of judgment for the City on the disability discrimination claims.)

3. The motion to exclude evidence of alleged acts of discrimination against third parties is granted as unopposed.

4. The motion to exclude evidence of Gardner's qualifications other than what was formally submitted in his application packet is denied as overbroad. As discussed at the pretrial conference, Gardner may well be able to establish a basis for contending that the Chief knew or should have known about qualifications other than those written in the packet. To the extent Gardner intends to offer evidence of a qualification he possessed that was not included in his application packet but that he contends the Chief knew or should have known of, Gardener must

provide the same type of offer of proof as discussed in response to the first motion in limine, and the parties must follow the same process for resolving those issues or litigating them at the further pretrial conference.

5. The motion to exclude evidence of alleged performance problems of sergeants promoted in the 2016 and 2017 cycles is denied because the Court cannot make a blanket ruling. As discussed at the pretrial conference, it is possible that some witnesses would be able to give informed testimony about events concerning Sergeant Jung or others that would be relevant to their qualifications for promotion to sergeant relative to Gardner. For any such incident, Gardner must be able to establish a factual basis for that incident as well as show a sufficient nexus to the decision to promote a given candidate. For each witness, he must be able to show that the witness has personal knowledge that is complete enough so as not to be prejudicial or misleading. Again, the parties must follow the process outlined above and present any unresolved disputes for discussion at the May 13 conference.

**IT IS SO ORDERED.**

Dated: March 16, 2021

VINCE CHHABRIA
United States District Judge