UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GARDNER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY,<br><br>Defendant. | Case No. 18-cv-07784-VC<br><br>**FURTHER RULINGS ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 112, 113, 114 |

This order makes the following additional rulings regarding the City's renewed motions in limine. For the first set of rulings on the City's original motions, see Dkt. No. 95.

1. The renewed motion to exclude lay opinion testimony regarding whether Gardner was more qualified than candidates who were promoted over him is granted in part: The only people who may testify as to the relative qualifications are those who were actively involved in the promotion process for both Gardner and the promoted candidate to whom he is being compared. As was discussed at the hearing, that includes anyone who was present at a roundtable or who submitted input regarding both candidates but does not include anyone whose only contribution was a performance appraisal report (although any performance appraisal report reviewed by the Chief in connection with the promotion decision will itself be admissible).

2. Having previously granted the City's motion to have the Court read a statement summarizing Gardner's prior employment with the Berkeley Police Department, the Court will adopt Gardner's revised proposed statement as follows: "Gardner was originally employed as a police officer with the City's Berkeley Police Department ("BPD") from 1995 to 2001 when he retired on a medical disability. When Gardner was medically cleared to return in April 2003,

Gardner sought to be reinstated as a police officer at BPD, but the City refused to do so. In February 2012 the City and Gardner agreed that Gardner was reinstated as a police officer with a seniority service date of January 1, 2002." As noted at the hearing, if the City discovers any factual issue with the statement that Gardner was "medically cleared," it may raise the problem in advance of the October 25 charging conference.

5. The renewed motion to exclude testimony about certain incidents involving Rosie Jung is granted in part: witnesses may only testify as to what the Chief was told about those incidents and about any discussion of those incidents during the promotions roundtable. Any testimony that merely describes what a witness to the incidents perceived will be excluded as too far afield from the issue of what information was considered in making the decision to promote Jung.

**IT IS SO ORDERED.**

Dated: May 13, 2021

_____
VINCE CHHABRIA
United States District Judge